## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) JOE T. SMITH AND (2) JAMIE SMITH** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-CV-269-GKF-PJC** |
| | ) | |
| **(1) SENTINEL INSURANCE COMPANY,** | ) | |
| **LTD., a Connecticut corporation;** | ) | |
| **and** | ) | |
| **(2) THE HARTFORD FINANCIAL SVCS.** | ) | |
| **GROUP, INC. a Delaware corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### THE HARTFORD FINANCIAL SERVICES GROUP, INC.'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW The Hartford Financial Services Group, Inc., pursuant to Fed. R. Civ. P. 12(B)(6), and requests this Court enter an Order dismissing Plaintiffs Joe T. Smith and Jamie Smith's breach of contract and bad faith claims against it. In support thereof, Hartford Financial submits the following brief:

### I.  INTRODUCTION

This action arises out of a dispute regarding a claim submitted by the Smiths to Defendant Sentinel Insurance Company, LTD ("Sentinel") under its policy of insurance issued to the Smiths for alleged hail damage to the roof of their residence. The Smiths' allege that their residence was insured by a policy "with the Defendants" (Petition at 2, ¶ 6) and that the subject policy was in effect on the date their roof was allegedly damaged by the hailstorm (Petition at 2, ¶¶ 6, 11). Plaintiffs were insured under a policy of insurance issued by Sentinel, policy number 38RBA 747413, with a policy period of November 15, 2007 through November 15, 2008.[1]   By

---

[1] *See* **Exhibit "A"** – Continuation Page with attached Insurance Policy listing Sentinel Insurance Company, LTD as the insurer (attached to Plaintiffs' Petition as Exhibit "1").

their own admission, Plaintiffs represent that their Exhibit "1" is identical in substance to the

Subject Policy that was in effect over the time period relevant hereto."   (Petition at 2, ¶6).

Sentinel is the issuing insurer of the policy.[2]   *See* **Exhibit B**, ¶ 6 – Affidavit of Ricardo

Anzaldua.  The Smiths allege that on April 7, 2008 and April 8, 2008, a hailstorm damaged the

roof of their home. (Petition at 2, ¶¶ 11-12).  The Smiths submitted a claim for the damage to the

roof and hired an independent engineer who determined the roof was damaged and needed to be

replaced. (Petition at 2, ¶ 13).  Sentinel conducted the adjustment of Plaintiffs' insurance claim.

*See* **Exhibit B**, ¶ 6.  On April 6, 2010, the Smiths filed this lawsuit against Sentinel and also

against Hartford Financial alleging breach of contract and bad faith.

## II. ARGUMENT

The Smiths inclusion of Hartford Financial is based only on their incorrect allegation that

Hartford Financial, which is a holding company and parent corporation of Sentinel, insured the

property along with Sentinel.[3]   Hartford Financial had no role in issuing the policy or handling

Plaintiffs' claim.  *See* **Exhibit B**.  Hartford Financial is not an insurance company and does not

sell insurance.  *Id.*  As represented below, Hartford Financial, as the holding / parent company of

Sentinel, is not a proper party to this litigation as it was not a party to the insurance contract upon

which this lawsuit is based.  The Smiths' claims for breach of contract and bad faith against

Hartford Financial wholly fail for lack of privity of contract between the Smiths and Hartford

Financial.  By all measures, Plaintiffs have failed to state allegations against Hartford Financial

---

[2] *See* Defendant Sentinel Insurance Company, LTD's Answer, ¶ 6, filed concurrently herewith, which states in pertinent part, "Defendant Sentinel Insurance Company, Ltd. admits that it had issued a homeowners insurance policy on the Plaintiffs' Tulsa County residence and that such insurance policy was in force and effect at the time the alleged damage to his roof occurred as Plaintiff avers in their State Petition."

[3] *See* **Exhibit C** – Sentinel's Corporate Disclosure Statement (Doc #6, filed April 28, 2010) and **Exhibit D** – The Hartford Financial Services Group, Inc.'s Form 10-K filed with the United States Securities and Exchange Commission, which states in pertinent part, "As a holding company that is separate and distinct from its subsidiaries, The Hartford Financial Services Group, Inc. has no significant business operations of its own. Therefore, it relies on the dividends from its insurance companies and other subsidiaries as the principal source of cash flow to meet its obligations."

sufficient to maintain this claim as a matter of law.  Dismissal of the Smiths' claims for breach of contract and bad faith against Hartford Financial is thus appropriate as a matter of law.

### THE SMITHS ARE NOT IN CONTRACTUAL PRIVITY WITH HARTFORD FINANCIAL

The Smiths cannot maintain their breach of contract cause of action against Hartford Financial because they are not in contractual privity with Hartford Financial.  Sentinel, who sold and issued the insurance policy on the Smiths' home, is a mere subsidiary of Hartford Financial. Such fact in no way creates any contractual privity between the Smiths and Hartford Financial. "A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities. . . . A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary . . .." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-5 (U.S. 2003) (citations omitted).  Thus, a parent corporation is not liable for the obligations of its subsidiary.  *See U.S. v. Bestfoods*, 524 U.S. 51, 61-2 (1998)).  Hartford Financial possesses no property interest in its subsidiary's assets. *Mainord v. Sharp*, 1977 OK CIV APP 29, 569 P.2d 546, 548 (citing *Cooke v. Tankersley*, 199 Okla. 634, 189 P.2d 417 (1948)).  Therefore, the Policy to which Sentinel is the insuring party is its obligations alone.  No privity of contract exists between the Smiths and Hartford Financial as a matter of law.  Without this necessary element of the cause of action, the Smiths' breach of contract claim fails. *See Wathor v. Mutual Assur. Adm'rs, Inc.*, 2004 OK 2, 87 P.3d 559, 563.  Dismissal of the Smiths' breach of contract claim is thus appropriate.

### THE SMITHS' BAD FAITH CLAIM IS BARRED AS A MATTER OF LAW

Likewise, the Smiths' bad faith claim against Hartford Financial is without merit.  No claim for bad faith may be sustained in the absence of contractual privity between the parties. *See Allstate Ins. Co. v. Amick*, 1984 OK 15, 680 P.2d 362, 364 (stating that a non-insuring entity

3

is not liable for bad faith in Oklahoma); *Wathor*, 2004 OK 2, 87 P.3d at 562-3 (examining *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793 (10th Cir.1995) (construing Oklahoma law)). Therefore, dismissal of the Smiths' bad faith claim is appropriate.

### III. CONCLUSION

Where a petition fails to state a claim, and no amendment could cure the defect, then the dismissal operates on the merits of the complaint and the plaintiff is not entitled to leave to amend.  *Cf. Curley v. Perry*, 246 F.3d 1278, 1281-2 (10th Cir. 2001).  Here, Plaintiffs' claims against Hartford Financial are simply not cognizable, and no amendment to their pleading would cure the fatal defects of their claims against Hartford Financial.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  As no set of facts entitling Plaintiffs to such relief against Hartford Financial exists for their claims of breach of contract and bad faith, dismissal of Plaintiffs' claims are appropriate.  *See Jacobs, Visconsi & Jacobs Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir. 1991).  The Smiths' breach of contract and bad faith claims fail, as the Smiths are not in contractual privity with Hartford Financial.  Therefore, Hartford Financial respectfully requests that this Court enter an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the Smiths' claims for breach of contract and bad faith with prejudice, and for any other relief this Court deems just, equitable or necessary.

Respectfully submitted,


   *s/ David E. O'Meilia*
David E. O'Meilia, OBA #6779
Phil R. Richards, OBA #10457
Amanda L. Stephens, OBA #22819
RICHARDS & CONNOR, PLLP
ParkCentre Building, 12th Floor
525 South Main Street
Tulsa, Oklahoma  74103-4509
918/585.2394
918/585.1449 – Facsimile

**ATTORNEYS FOR DEFENDANTS
SENTINEL INSURANCE COMPANY,
LTD. and THE HARTFORD
FINANCIAL SERVICES GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 17th, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

Bradley A. Gungoll, OBA #3660
Chase Tower 3030
100 North Broadway Ave.
Oklahoma City, OK  73102-8273

Wade D. Gungoll, OBA #21690
Chase Tower 3030
100 North Broadway Ave.
Oklahoma City, OK  73102-8273


   *s/David E. O'Meilia*
David E. O'Meilia