**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JOE SMITH and JAMIE SMITH,    )
    )
    Plaintiffs,    )
    )
v.    )
    )    Case No. 10-CV-269-GKF-PJC
SENTINEL INSURANCE COMPANY, LTD.,    )
a Connecticut corporation; and    )
THE HARTFORD FINANCIAL SVCS.    )
GROUP, INC., a Delaware corporation,    )
    )
    Defendants.    )

**OPINION AND ORDER**

Before the court are the  Motion to Dismiss[1] (Dkt. #16) of defendant Hartford Financial Services Group, Inc. ("HFSG"), and the Motion for Leave to Amend Complaint (Dkt. #17) of plaintiffs Joe and Jamie Smith (the "Smiths").  HFSG seeks dismissal on the grounds that it is not the Smiths' insurer.  The Smiths seek leave to amend their complaint to state a claim for fraud against HFSG.

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim . . . ." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Smiths allege that they maintained an insurance policy "with the Defendants" and attached the contract as Exhibit 1 to the complaint. (Dkt. #2-1, p.2).  They allege that "Defendants

---

[1]The court is in receipt of the exhibits attached to both HFSG's motion and the Smiths' response, and elects not to consider them in connection with the present motion.  Therefore the motion is properly treated as a motion to dismiss.  Fed. R. Civ. P. 12(d)

breached their contract" and that "the Defendants . . . violated their duties of good faith and fair dealing." (*Id.* at 3). The contract is replete with references to both "The Hartford" and to "Sentinel Insurance Company's" ("Sentinel") role in the contract. (See Dkt. #2-1, p.6-38). The complaint thus states a plausible claim that HFSG is a proper party defendant in this case. HFSG's arguments that "The Hartford" is merely a trade name, and that HFSG did not have sufficient involvement in the insurance claim to either be in privity or a special relationship are arguments better addressed on summary judgment. Therefore, the Motion to Dismiss (Dkt. #16) is denied.

Generally, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, leave to amend need not be granted when futility of amendment is apparent. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In Oklahoma, "the elements of actionable fraud are that the defendant made a material misrepresentation that was false, that he knew when he made the representation that it was false, or that it was made recklessly without any knowledge of its truth and made as a positive assertion, and that he made it with the intention that it should be acted upon by plaintiff, and that plaintiff acted in reliance upon it and thereby suffered injury." *D&H Co., Inc., v. Shultz*, 579 P.2d 821, 824 (Okla. 1978). The Smiths contend they were damaged by HFSG's fraud because their roof was not fixed. (Dkt. #23, p.8). However, any damages to the Smiths' roof may be sought as contract damages against the defendants and are not plausibly related to any alleged fraud. The Smiths also argue that, compared with The Hartford, Sentinel is a "9-year old, less capitalized entity that was heretofore unbeknownst to the plaintiffs." (*Id.*). However, the Smiths offer nothing to indicate that Sentinel is incapable of satisfying any judgment relating to the Smiths' claims. Plaintiffs have failed to present any plausible claim that damages have resulted from the alleged fraud. Therefore, the Motion for Leave to Amend (Dkt. #17) is denied.

WHEREFORE, the Motion to Dismiss (Dkt. #16) is DENIED, and the Motion for Leave to Amend Complaint (Dkt. #17) is DENIED.

IT IS SO ORDERED this 15th day of December, 2010.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma