### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOE T. SMITH AND (2) JAMIE SMITH )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>(1) SENTINEL INSURANCE COMPANY, LTD., )<br>a Connecticut corporation; )<br>)<br>and )<br>)<br>(2) THE HARTFORD FINANCIAL SVCS. )<br>GROUP, INC., a Delaware corporation, )<br>)<br>Defendants. ) | Case No. 4:10-cv-269<br>GKF-PJC |

### PLAINTIFFS' RESPONSE TO HARTFORD FINANCIAL SERVICE GROUP, INC.'S APPLICATION FOR HEARING ON MOTION FOR SUMMARY JUDGMENT

In response to the Hartford Financial Service Group, Inc.'s *Application for Hearing on Motion for Summary Judgment* [Doc. 71], Plaintiffs advise the Court that, subject to the two caveats identified below, Plaintiffs have no objection to the requested hearing and, indeed, would have advised the moving party of the same if given the opportunity. Specifically, Plaintiffs' agreement to HFSG's *Application for Hearing* is conditioned only upon the following: (1) that such hearing be held contemporaneously with a hearing on Plaintiffs' *Counter Motion for Partial Summary Judgment* [Doc. 77]; and (2) that such hearing be held only after HFSG has provided appropriate discovery responses, in accordance with the Court's ruling on Plaintiffs' pending *Motion to Compel*. *See* [Doc. 66].

By way of further support, the Plaintiffs show the Court as follows:

1. Hartford Financial Services Group, Inc. ("HFSG") filed its *Motion for Summary Judgment* on January 28, 2011. *See* [Doc. 54]. The Plaintiffs filed their

1

response on February 18, 2011.  *See* [Doc. 56].  The briefing cycle on HFSG's motion was completed on March 4, 2011, with the filing of HFSG's reply brief.  *See* [Doc. 58].

2. HFSG's *Motion for Summary Judgment* alleges that it cannot be held liable, as a matter of law, for breach of the underlying insurance contract or for bad faith insurance practices.  HFSG's motion is based on the assertion that it is purportedly not an insurer – but a mere holding company, does not hold itself out as an insurer, and is not a party to the underlying insurance contract.  *See* [Doc. 54].

3. In support of its *Motion for Summary Judgment*, HFSG attaches four documents: (1) a certified copy of the insurance policy; (2) a separate declarations page that was not included within the certified copy of the policy; (3) a conclusory affidavit from HFSG's secretary; and (4) selected excerpts from HFSG's 10K.  [Doc. 54].

4. Notwithstanding these basic exhibits, HFSG's motion is primarily in the nature of a "no-evidence motion for summary judgment," challenging the non-movant (*i.e.* the Plaintiffs) to come forward with evidence rebutting the conclusory assertions in HFSG's motion and affidavit.

5. Notably, however, the underlying rationale behind a no-evidence motion for summary judgment presumes the movant has been compliant in discovery.  Otherwise, this procedure could allow the movant to create a self-fulfilling prophesy by asserting that no adverse evidence has been shown, while simultaneously stonewalling the non-movant's discovery requests for such evidence.

6. The duplicity of this type of litigation strategy is apparent in the instant case, wherein HFSG asks for a no-evidence summary judgment ruling, while

simultaneously refusing to: (a) provide initial disclosures; (b) provide complete written discovery responses; or (c) produce a single document.

7. Indeed, HFSG's refusal to cooperate in discovery is the subject of a pending *Motion to Compel* submitted by the Plaintiffs.  *See* [Doc. 66].

8. HFSG's tact became even more transparent when HFSG requested a hearing on the Motion for Summary Judgment on the basis that it "is being subjected to abusive discovery." [Doc. 71, pp. 3].  In plain terms, HFSG asks Court to quickly rule on its motion for summary judgment before HFSG is forced to produce any documents harmful to its own interests.

9. Fortunately, in the instant case, the documents in the Plaintiffs' possession and those produced by HFSG's co-defendant are more than sufficient to defeat HFSG's *Motion for Summary Judgment*.  These documents and the arguments based thereon are set forth in the Plaintiffs' response to HFSG's motion.  [Doc. 56]

10. Additionally, and subsequent to the filing of Plaintiffs' response to HFSG's motion, the Plaintiffs have discovered evidence through third-party sources that bears directly on HFSG's purported claims that it is not an insurer, does not act as an insurer, and is not in privity of contract with Plaintiffs.

11. Notably, significant and substantive portions of the evidence discovered by the Plaintiffs are directly responsive to the Plaintiffs' discovery requests – and, as such, should have already been produced.

12. Plaintiffs believe that the character of such evidence – which consists almost exclusively of admissions of a party-opponent – not only justifies denying the

3

Plaintiffs' Motion for Summary Judgment, but also provides sufficient evidence to warrant summary judgment <u>in the Plaintiffs' favor</u> on certain defenses.

13. In particular, these documents provide indisputable facts that directly undermine HFSG's conclusory assertions that it does not act as an insurer and is not in privity of contract with Plaintiffs.

14. In light of these documents – many of which Plaintiffs' counsel found through a combination of dumb luck and guesswork –Plaintiffs have moved for summary judgment on the above-referenced elements of HFSG's defenses.  *See* [Doc. 77].

15. The Plaintiffs' motion for summary judgment was submitted well within the dispositive motion deadline under the current scheduling order  [Doc. 53], and addresses similar issues as raised in HFSG's competing motion.

16. Accordingly, and in the interests of judicial efficiency, Plaintiffs request that, if the Court deems a hearing to be necessary, that the motions be heard together.

17. In addition, any hearing should be scheduled only after this Court has had the opportunity to rule on Plaintiffs' *Motion to Compel* and HFSG has complied with the terms of the Court's order on the same.  As noted above, HFSG has yet to provide initial disclosures or produce a single piece of documentary evidence.  As such, HFSG's claim that it is being subjected to abusive discovery is rather preposterous.

18. Notably, HFSG's assertion in this regard is based in part on the specious argument that no discovery should be allowed on the alter ego issued, because it has not been plead with specificity.

19. As outlined in the Plaintiffs' *Motion for Summary Judgment*, HFSG misapprehends the nature of an alter ego argument as if it were a separate theory of

recovery. Clearly it is not. *Boulden v. Colbert Nursing Home, Inc.*, 2011 OK CIV APP 21, 249 P.3d 105, 109 (noting that "[a]n attempt to pierce the corporate veil is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action") (Internal citations and quotations omitted).

20.     In addition, the applicable standard in this jurisdiction continues to be notice pleading. *See Fanning v. Brown*, 2004 OK 7, 85 P.3d 841, 848. The parties, including HFSG in particular, have discussed the alter ego issue *ad nauseum*, and it has been raised in numerous briefs by both parties. HFSG cannot seriously contend that it has been denied "fair notice of [the Plaintiffs'] claims and the grounds upon which they rest." *Id.* In addition, the Plaintiffs did, in fact, move to amend the pleadings in this case [Doc. 17], but that motion was denied. [Doc. 49]. Regardless of the denial of that motion, it remains proper for the pleadings or the subsequent pretrial order to be conformed to the substantial evidence on the alter ego issue. In short, there is nothing abusive about requiring HFSG to answer questions about its corporate structure.

WHEREFORE, the Plaintiffs advise the Court that they have no objection to HFSG's requested hearing, provided that the hearing is held contemporaneously with the hearing on the Plaintiffs' competing motion, and provided that HFSG first be required to actually participate in the discovery process before receiving a hearing a what amounts to a no-evidence motion for summary judgment.

                                        Respectfully submitted,

                                        s/ Bradley A. Gungoll
                                        Bradley A. Gungoll,   OBA#3660
                                        Wade D. Gungoll, OBA #21690

                                        -Of the Firm-

Gungoll Jackson
3030 Chase Tower
100 North Broadway
Oklahoma City, OK  73102
gungoll@gungolljackson.com

**Attorneys for Plaintiffs**

### Certificate of Service

☑  I hereby certify that on May 11, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David E. O'Meilia, OBA #6779
Phil R. Richards, OBA #10457
John P. Bennett, OBA #21888
Richards & Connor, PLLP
ParkCentre Building, 12th Floor
525 South Main Street
Tulsa, OK  74103-4509

/s/ Bradley A. Gungoll
Bradley A. Gungoll