**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOE SMITH and JAMIE SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SENTINEL INSURANCE COMPANY, LTD., ) <br> a Connecticut corporation; and ) <br> THE HARTFORD FINANCIAL SVCS. ) <br> GROUP, INC., a Delaware corporation, ) <br> ) <br> Defendants. ) | Case No. 10-CV-269-GKF-PJC |

### ORDER

Before the court is the Motion to Strike Plaintiff's Counter-Motion for Summary Judgment (Dkt. #88) of defendant Hartford Financial Services Group, Inc. ("HFSG").

On January 28, 2011, HFSG filed a Motion for Summary Judgment (Dkt. #54). Briefing on that motion was completed March 4, 2011. Approximately two months later, on May 12, 2011, the plaintiffs Joe and Jamie Smith (collectively, "Smiths") filed a Motion for Partial Summary Judgment (Dkt. #77) ("cross-motion"). Both motions were timely filed prior to the deadline for dispositive motions. HFSG did not respond to the cross-motion, but instead filed this motion to strike on June 1, 2011. (Dkt. #88). HFSG asks the court to strike the Smiths' cross-motion on the grounds that it is not a true motion for summary judgment, and is instead a supplemental response to HFSG's motion for summary judgment.

The court has "inherent authority to control its docket to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir.) (citations omitted).

HFSG argues that the cross-motion is an attempt to avoid Local Rule 7.2, and that there is no provision for a cross-motion for summary judgment in either the Federal Rules of Civil Procedure or in the Local Rules. HFSG further argues that such a motion is explicitly prohibited by Local Rule 7.2(c). HFSG overstates the implications of Local Rule 7.2, which provides in relevant part only that a party must obtain court permission before filing a supplemental brief. It makes no explicit mention of cross-motions.

It is well recognized that cross-motions for summary judgment on similar, or even identical, issues are permitted by the rules. *See* MOORE'S FEDERAL PRACTICE 3D, § 56.120 ("Although neither the possibility of nor the procedures for cross-motions are mentioned explicitly in Rule 56, parties may file cross-motions for summary judgment. In fact, cross-motions are common when the parties essentially agree about the facts but disagree as to the legal consequences of those facts."). A Rule 56 motion may be filed with regard to any "claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). This language exists to "make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P. 56(a), Advisory Committee Note of 2010.

In *In re Rybozyme Pharmaceuticals, Inc. Sec. Litig.*, 209 F.Supp. 2d 1106, 1112-13 (D. Colo. 2002), a Colorado District Court faced cross-motions for summary judgment. Plaintiffs moved for summary judgment in a securities fraud action on all elements of the claim and defendants filed a cross-motion for summary judgment only on the elements of scienter and reliance. *Id.* The court cited Tenth Circuit precedent and held that such cross-motions were permissible but must be evaluated independently. *Id.* at 1112 (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (considering cross-motions for summary judgment

independently)).

Here, HFSG sought summary judgment on all claims, asserting the defense that the Smiths have "no contractual privity or relationship whatsoever, legal or otherwise with HFSG." (Dkt. #54, p.10).  The Smiths' cross-motion seeks a judgment that: "(1) HFSG is amenable to suit for breach of the Plaintiffs' insurance policy and for bad faith insurance practices; and (2) that HFSG's affirmative defenses to these claims–i.e., that it is purportedly not an insurer, purportedly did not act as an insurer, and purportedly is not in privity on the underlying contract–are legally and factually unsupportable."  The issues presented in both motions–whether HFSG is an insurer on the Smiths' policy or was a party to the insurance contract–may properly be considered on summary judgment. The cross-motion is an appropriate method to challenge HFSG's defenses.

WHEREFORE, the Motion to Strike Plaintiff's Counter-Motion for Summary Judgment (Dkt. #88) of defendant HFSG is denied.  HFSG is ordered to respond to the Smiths' Motion for Partial Summary Judgment (Dkt. #77) by the 13th day of July, 2011.

IT IS SO ORDERED this 29th day of June, 2011.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma