IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JOE T. SMITH and JAMIE SMITH,  )
                                                   )
        Plaintiffs,         )
                                                   )
v.                                   )   Case No. 10-CV-269-GKF-PJC
                                                 )
SENTINEL INSURANCE CO., LTD.  )
and THE HARTFORD FINANCIAL  )
SERVICES GROUP, INC.,          )
                                                 )
        Defendants.     )

**OPINION AND ORDER**

Before the Court is Plaintiffs' Combined Motion to Compel Discovery from Defendants (Dkt. #66). This matter came on for hearing on July 13, 2011 and counsel for Plaintiffs Joe T. Smith and Jamie Smith (the "Smiths") and Defendants Sentinel Insurance Company, Ltd. ("Sentinel") and The Hartford Financial Services Group, Inc. ("HFSG") presented oral arguments in support of and in opposition to the motion.[1]

**Background**

This case arises out of a dispute over insurance coverage for hail damage to the Plaintiffs' home in April 2008. Plaintiffs allege that at the time of the damage they had a homeowners' insurance policy "with the Defendants" covering their home. [Dkt. No. 2,

---

[1] At the hearing the Smiths offered two exhibits: "The Hartford Homeowners Renewal Questionnaire" issued to the Smiths bearing The Hartford logo and a hard copy of The Hartford website identifying "The Hartford" as "The Hartford Financial Services Group and all of its subsidiaries."

1

*Petition* at ¶ 6. After their hail damage claim was denied, Plaintiffs sued Sentinel and HFSG for breach of insurance contract and bad faith. [*Id.* at ¶¶ 15-18 and ¶¶ 19-23].

A major contention in this action is whether HFSG is a proper party Defendant. HFSG contends that it is not the Smiths' insurer and, furthermore, that it is not even an insurance company or insurer, that it does not write, underwrite or sell insurance policies and does not handle insurance claims or employ claims adjusters. More than a year ago, HFSG filed a Motion to Dismiss on this basis [Dkt. No. 16]. That Motion was denied on Dec. 15, 2010, with the caveat that the issue would be more appropriately addressed on summary judgment. [Dkt. No. 49]. The issue of HFSG's status is now before the District Court on cross motions for summary judgment [Dkt. Nos. 54 & 77] that are set for hearing on Aug. 11, 2011. Thus, at this juncture and for purposes of this discovery dispute, HFSG <u>is</u> a party to this lawsuit and must respond to discovery as required by the Federal Rules of Civil Procedure.

**Applicable Legal Standard**

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness. *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975). Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant

2

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004). A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.*; *Porter v. Farmers Ins. Co., Inc.*, 2011 WL 1566018 at *1 (N.D. Okla. April 25, 2011).

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003); *Porter*, *supra*, 2011 WL 1566018 at *1.

## Discussion

HFSG's chief objection to discovery is that Plaintiff's requests are not relevant because HFSG is not a proper party to this action. As discussed above, HFSG has lost on this argument on its Motion to Dismiss and a summary judgment hearing on the question is before the District Court for hearing next month. After examining the record herein, the Court finds that the relationship among the various Hartford entities

3

and HFSG's role in the corporate structure is unclear; consequently, the Court cannot find that the information Plaintiffs seek could have no possible bearing on the claims/defenses in this case. Therefore, the relevance objection is overruled. Furthermore, simple fairness dictates that if HFSG has filed a Motion for Summary Judgment supported by evidentiary materials, Plaintiffs be given an opportunity to respond with evidence of their own – evidence gathered through the process of discovery.

The Court now turns its attention to the adequacy of HFSG's discovery responses. Upon even cursory review, those responses are wholly inadequate under the Federal Rules of Civil Procedure. Answers are rarely, if ever, responsive to the Plaintiffs' discovery request. Indeed, the responses are so inadequate that they often appear to be deliberately evasive. A clear example is HFSG's response to Interrogatory No. 2:

> **INTERROGATORY NO. 2:** State the name, title or position, address, and telephone number of the person answering these interrogatories.
>
> **ANSWER TO INTERROGATORY NO. 2:** Subject to and without waiving HFSG's objections to each interrogatory, undersigned counsel for HFSG directs Plaintiff to business records of HFSG, from which the answers given subject to those objections may be ascertained, specifically, The Hartford Financial Services Group, Inc.'s publicly filed 2011 SEC Form 10-K and all of its other publicly filed reports and documents found at the SEC's EDGAR database: www.sec/gov/edgar/searchedgar/companysearch.html. Further, undersigned counsel for HFSG has inquired of Christopher Valvo and James Madsen who are the subject of certain interrogatories and confirmed that each is not employed by HFSG.

[Dkt. No. 66-1, Ex. "4" at 3-4]

Interrogatory No. 2 is a routine inquiry in every set of interrogatories. It is a simple question and it deserves a clear and simple answer; instead, HFSG has offered non-responsive gobbledygook.

HFSG defends its response, contending that the SEC 10-K reflects that HFSG is a holding company that is separate and distinct from its subsidiaries, has no significant business operations and relies on dividends from its insurance companies and subsidiaries as the principal source of cash to meet its obligations. This explanation is absurd. Whether HFSG receives dividends from its subsidiaries has no bearing on who is providing the company's interrogatory answers.

HFSG further argues that its response to Interrogatory No. 2 was proper "because the response expressly referenced the objections to all Plaintiffs' subsequent interrogatories, Nos. 3 through 13 and specifically directed Plaintiffs to its business records pursuant to Rule 33(d). [Dkt. No. 85 at 7].

The first part of this explanation makes no sense: referencing objections to other interrogatories does not answer Interrogatory No. 2. Furthermore, HSFG's sadly misunderstands its obligations under Rule 33(d). A party may resort to Rule 33(d) only if the answer to an interrogatory can be determined by examining certain documents and "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). HFSG has met neither of these requirements. First, counsel for HFSG, David O'Melia, conceded at the July 13 hearing that HFSG's

5

SEC 10-K and other SEC documents do *not* identify who answered the interrogatories for the company. Thus, for more than three months HFSG has falsely maintained that the answer to Interrogatory No. 2 is contained in the referenced SEC documents. In addition, the idea that the burden of determining who provided information for HFSG's interrogatory answers is "substantially the same" for HFSG and the Plaintiffs is ludicrous.[1] HFSG's response to this interrogatory is slopp, evasive, and deceitful. It is clearly not responsive to the question asked and improper under the Federal Rules of Civil Procedure.

HFSG's responses to other discovery requests are less blatantly evasive, but certainly no more informative. In Interrogatory No. 3, Plaintiffs ask HFSG to identify all subsidiary entities that employed insurance claims representative Christopher Valvo between April 1, 2008, and November 30, 2009. HFSG never answers this interrogatory, but rather states only that HFSG did not employ Valvo. Interestingly, HFSG never says that it doesn't know who within The Hartford corporate family employed Valvo. It simply never answers this straight-forward question.

HFSG interposes objections with no effort to support them. For example, HFSG objects to Interrogatory No. 7, in part, based on it being "unduly burdensome" to respond. Yet, HFSG offers no evidentiary support for that broad assertion. Again, such

---

[1] Pressed to answer this question at the July 13 hearing, O'Melia first tried to contend that he was the source for the interrogatory answers. Ultimately, O'Melia admitted that information for the answers had come from "people" at The Hartford legal department; however, he did not identify those people.

an objection is clearly not sufficient under the Federal Rules. *See Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan. 1999) (Objecting party has burden to support its objections).

In response to Request for Production No. 5 seeking insurance claims files, HFSG reiterates its ongoing objection as to relevance, asserting it is a holding company and concludes that it does not "possess" the claims files. However, possession is not the standard. Rule 34 requires production of documents within one's "possession, custody or control." Again HFSG's answer ignores the plain language of the Federal Rules.

Sentinel's discovery answers are slightly better, but still largely unresponsive. For example, where HFSG refused to name the person who answered Plaintiffs' interrogatories, Sentinel provided the name of a person, but refused to identify who he is – *i.e.*, who does he work for.[2] Sentinel has resurrected the Graham-Leach-Bliley Act privacy objection that it argued previously – and which the Court rejected.[3] In Request for Admission No. 1, Sentinel was asked to admit that Plaintiffs fully complied with the terms of their homeowners' insurance policy. Sentinel says that "the information it knows or can readily obtain is insufficient to enable it to admit or deny this request at this time." Would Sentinel seriously have this Court believe that three years after the

---

[2] The record evidence establishes that Sentinel has no employees, no office equipment and no computers. Plaintiffs are entitled to know what relationship the person answering Sentinel's discovery has with that company. Sentinel has refused to provide it.
[3] A Stipulated Protective Order has been in place since Dec. 7, 2010, to resolve privacy concerns. [Dkt. No. 48].

7

hail storm that is at issue – and less than a week before discovery cutoff – Sentinel still can't determine whether the Plaintiffs have complied with their policy obligations? The representation is incredible on its face.

The Court will not burden the record with further examples. Based on the pleadings and the arguments of counsel, the Court **GRANTS** the Smiths' motion *in toto*, with one limitation. Plaintiffs have requested from Sentinel certain information regarding claims files, complaints from customers, complaints made to the Oklahoma Insurance Commissioner, etc. These inquiries – specifically, Sentinel Interrogatories 5, 9 and 10 and Requests for Production 6, 7, 9, 10 and 11 are limited to (1) Oklahoma (2) homeowner hail damage claims (3) between Sept. 1, 2005 and Nov. 30, 2009.

## Conclusion

The Court overrules Defendants' objections to the propounded discovery, with the one limitation noted above, and **GRANTS** Plaintiffs' Motion to Compel. Accordingly, HFSG and Sentinel shall fully answer the subject discovery requests on or before July 28, 2011. The Court awards the Smiths their costs for preparing their motion and reply and for the time spent in preparation of and during the hearing on the motion. These costs are assessed against HFSG and Sentinel jointly and severally. The Smiths are to file their application for costs on or before July 28, 2011.

**IT IS SO ORDERED**, this 15th day of July, 2011.

_____
Paul J. Cleary
United States Magistrate Judge